[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband on August 16, 1969 in Bloomfield, Connecticut. Both of the parties have resided continuously in the State of Connecticut for at least one year up to the date of the filing of this action.
Five children were born to the wife during the course of the marriage, all of whom are issue. Three of the children are still minors, to wit: Cindy, born September 12, 1974; Kristen, born February 19, 1976; and Kerry, born December 20, 1978.
The marriage has broken down irretrievably, there is no prospect of any reconciliation, and a decree of dissolution may enter.
This is a marriage of 21 years, which, according to the testimony of the wife, started to erode about seventeen years ago. She alleges that the husband's domineering personality, emotional arguments in front of the children and physical and mental abuse were the contributing factors in the CT Page 9980 breakdown.
The husband, on the other hand, says that the wife constantly berated him in front of the children. On another occasion, she threw a glass at him which cut the bridge of his nose (Exhibit 1). He also claims that she is belligerent and, because of her temper, gets out of control.
There is obviously a lot of hostility in their present relationship and communication appears to be nonexistent. The present situation is hardly conducive to the Court entering orders of joint custody. It simply would not be in the best interests of the children, and would, in all likelihood, lead to constant confrontations between the husband and the wife.
The orders as to child support are only as to Kristen and Kerry since Cindy does not live with either parent at this time.
Both parties appear to be in good health and both have at least four years of college education. The husband is employed at Electric Boat as a mechanical engineer with an, annual gross salary of $42,000. The wife is employed at Structural Technology as a computer systems engineer with an annual salary of $31,000.
The areas of dispute revolve around child support and the computation and allocation of the marital assets.
The Court has already alluded to the third area of disagreement, i.e., joint custody and has indicated that such an arrangement under the present circumstances would not be in the children's best interests.
The husband's financial statement indicates the value of his SSIP at $36,740 as of August 31, 1991. However, in June 1991, he borrowed $32,000 from said account in order to repay $12,730 to his brother plus $7,000 to his father. There was no testimony that either his father or brother were insisting on immediate payment. He claims that he has $3,000 remaining from this withdrawal. The remaining $10,000 was used to pay bills and to support the minor child Cindy.
The Court is not convinced that it was necessary to borrow $32,000 at this stage in the dissolution proceeding. The effect of that borrowing was to have the husband incur a weekly repayment obligation of $170 when he could least afford it. The Court is suspect of the husband's motive. CT Page 9981
The Court adopts, in part, the calculation shown on the child support guideline worksheet offered by the plaintiff's counsel and concludes that support for the two minor children should be $200 per week which is retroactive to August 6, 1991. The husband should, therefore, be given credit of $70 per week for 14 weeks toward the claimed arrearage. This amounts to $980. The Court finds the arrearage to be $3,259.33 less $980, equalling $2,279. In the event the $540 claimed to have been mailed by the husband is received by the wife, then the arrearage is further reduced by that sum.
The Court further finds that the $12,730 paid to Keith Claffey was a joint responsibility of the parties. This amount will, therefore, be deducted from the gross assets of the parties in the following evaluation by the Court.
The Court finds that the gross assets of the parties consist of the following:
 a. SSIP value — $68,740 less $12,730 paid to Keith Claffey $56,010 b. Equity in real estate $50,000 c. Present value of pension $16,226 -------- $122,236
The Court does not accept the argument that the real estate should be valued by using the 17 Huntington Way, Ledyard, Connecticut, property. The wife was justified in attempting to reduce the mortgage payment so as to improve the cash flow.
Having taken into consideration all of the testimony, exhibits and mandates of Connecticut General Statutes Sections 46b-81, 46b-82 and 46b-84, the Court further orders as follows:
1. Custody of the minor children shall vest in the mother with father having the following rights of visitation.
a. Alternating weekends from 5:00 p. m. on Friday to 8:00 p. m. on Sunday.
b. One-half of Christmas vacation to be decided between the parties and alternating holidays.
c. Wednesday from 5:00 p. m. to 8:00 p. m.
d. Second and third full weeks of August from 5:00 p. m. on Friday to 6:00 p. m. on Sunday and first two weeks of July. CT Page 9982
The above schedule is in addition to whatever other visitation can be virtually arranged by the parties.
2. Child support (for two minor children Kristen and Kerri) shall be $100 per week per child.
3. Both parties shall maintain medical and dental insurance for the benefit of the three minor children as available through their employment. All unreimbursed medical and dental expenses shall be divided equally between the parties. These orders are subject to the provisions of Connecticut General Statutes Section 46b-84 (c).
4. Each of the parties shall keep in full force and effect whatever term life insurance policies are available through their employment, naming the minor children as irrevocable beneficiaries for so long as they are minors.
5. The wife is awarded periodic alimony in the amount of $1.00 per year, which alimony shall terminate upon the happening of the first of the following events:
 a. Death of either party; b. Remarriage by the wife; c. Six years from the date hereof
Said alimony shall be nonmodifiable as to term.
6. The husband shall pay the arrearage of $2,279 at the rate of $200 per month commencing December 1, 1991, and on the first day of each month thereafter.
7. Each of the parties is to pay one-half of the Electric Boat Credit Union automobile debt. Defendant is to pay his share directly to the plaintiff and plaintiff shall pay the credit union directly. Each shall hold the other harmless from their respective share of the debt.
8. As a property settlement, the husband shall assign the sum of $25,000 from his SSIP by Qualified Domestic Relations Order (QDRO) to be prepared by counsel for plaintiff and submitted to the Court for its approval.
9. Except as otherwise provided herein, each of the parties shall be responsible for their own liabilities and shall hold the other harmless.
10. All other assets except as herein provided shall be retained by the party owning the same. CT Page 9983
11. The 1990 tax refund check shall become the property of the wife and the husband shall forthwith endorse said check to her order.
12. Each of the parties is to receive a full set of the family photos presently in the plaintiff's possession. The cost shall be divided equally. Plaintiff shall further return to defendant his CUTCO knives.
13. An immediate wage garnishment is ordered to secure the support and alimony payment.
Mihalakos, J.